## STANDARD SPACE PLATFORMS CORPORATION, Plaintiff

v.

## The UNITED STATES, Defendant.

### No. 94–1039C.

United States Court of Federal Claims.

April 26, 1996.

David B. Newman, Jr., LaPlata, Maryland, attorney of record for plaintiff.

Grace Karaffa, Washington, D.C., with whom was Assistant Attorney General Frank W. Hunger, for defendant.

Brian M. Berliner, Los Angeles, California, for Spectrum Astro, Inc.

## ORDER

REGINALD W. GIBSON, Senior Judge.

Pending before the court is the "Emergency Motion Requesting To Be Heard On Defendant's Motion For A Protective Order" of Spectrum Astro, Inc. ("Spectrum"), a nonparty, faxed to the court on April 23, 1996. Therein, Spectrum requested leave of the court to appear and be heard at *oral argument* on *defendant's motion* for a protective order, on April 29, 1996. Plaintiff, Standard Space Platforms Corporations ("Standard"), opposes the request, while defendant, the United States, supports Spectrum's request. Argument was heard telephonically on April 24, 1996, on Spectrum's motion, and supporting memoranda were faxed to the court on April 25, 1996. For the reasons explicated below, the court is constrained to deny Spectrum's "Emergency Motion Requesting to be Heard."

On October 16, 1995, defendant filed a motion for a protective order (RCFC 26(c)) seeking to protect certain alleged confidential, proprietary, and technical information contained in documents responsive to plaintiff's request for production of documents. In that motion, the government averred that its prime contractor, Spectrum, would file a memorandum in support of the motion for a protective order. Two days later, on October 18, 1995, Spectrum filed its memorandum in support of the government's motion for a protective order, wherein Spectrum stated that it "joins the government in the present Motion For A Protective Order," and further alleged that the documents sought to be discovered by Standard "contain Spectrum's confidential business and technological information." Spectrum did not at that time, nor at any time, seek to intervene in this case pursuant to RCFC 24. Nor did it at any time file its own motion for a protective order under RCFC 26(c).

Thereafter, on December 11, 1995, Standard filed its opposition to defendant's motion for a protective order, wherein it requested oral argument. The court has scheduled oral argument on defendant's motion for a protective order for April 29, 1996, and Spectrum now seeks, by its April 23, 1996 motion, to appear and be heard at that hearing.

▆ Rule 26(c) of the Rules of the U.S. Court of Federal Claims (RCFC) governs the entry of protective orders and provides that:

Upon motion by a party *or by the person from whom discovery is sought* ... and for good cause shown, the court may make any order which justice requires to protect a party or *person* from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way....

RCFC 26(c) (emphasis added). As the text of the rule makes imminently clear, nonparties may file motions for protective orders, and they may certainly also appear and be heard at oral argument on such motions as they may make. *See* RCFC, Appendix H, ¶ 2. Therefore, *if* Spectrum would have been entitled to bring the instant motion for a protective order and, thus, be heard at oral argument thereon, rather than simply supporting the government's motion, it follows *a fortiori* that they should be allowed to appear and argue in favor of a motion in which they join. Spectrum has, in essence, made this point by alleging that they are the real movant for a protective order.

However, at bar, Spectrum could *not*, on this record, have brought the motion for a protective order. This is so because, under Rule 26(c), only a party or "the person from whom discovery is sought" may make a motion. It is clear beyond cavil that Spectrum is a nonparty to this action. Furthermore, Spectrum is *not* a "person from whom discovery is sought." In this case, discovery was sought from *the government only.* No documents were subpoenaed from Spectrum. The request for production was served on defendant, a party. In every case cited by

Spectrum as well as the government, including *Pratt & Whitney Canada, Inc. v. United States,* 14 Cl.Ct. 268 (1988), the nonparty participant had been either noticed for deposition or had documents in their custody subpoenaed. Thus, all were persons "from whom discovery is sought." Because Spectrum, in the instant litigation is *not* such a person, it could not have and may not proceed under Rule 26(c).

In *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775 (1st Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989), a nonparty "public interest group" sought to challenge a protective order that had been entered protecting defendant's confidential business information. Specifically, the nonparty sought to require filing in court of discovery documents, depositions, etc., so that it and the public would have access to such discovery papers. After holding that the district court judge had jurisdiction to modify the protective order even after a final disposition on the merits, the First Circuit proceeded to examine the status of the nonparty movant, searching for a basis under the Federal Rules of Civil Procedure (FRCP), or the Local Rules, that would permit Public Citizen to bring its challenge to the protective order.

"Public Citizen did not secure Rule 24 intervenor status in this case, but rather sought to participate informally under Local Rule 16(g) as a nonparty movant." *Id.* at 783 (footnote omitted). Local Rule 16(g) provided that a "concerned citizen" could make "an *ex parte* request" that discovery materials be filed with the court. *Id.* at 779. However, the court of appeals found that Public Citizen was unable to proceed under this local rule because, after a final disposition on the merits, the trial court lacked the power to compel the parties to file discovery documents. *Id.* at 781. Thus, the First Circuit then turned to examine the question of whether the nonparty could challenge the protective order and, thus, gain access to the protected discovery documents from a party, as opposed to court records.

In *Public Citizen,* the court of appeals agreed with the Fifth Circuit that Rule 24 intervention is *"the* procedurally correct

course" for a nonparty to challenge a protective order. *Id.* at 783 (quoting *In re Beef Industry Antitrust Litigation,* 589 F.2d 786, 789 (5th Cir.1979)). Although Public Citizen had not secured intervenor status, the First Circuit found that the trial court had implicitly granted them intervenor status. Thus, the court held:

> For the purposes of this appeal, then, we will treat Public Citizen as having requested and been granted status as a Rule 24 intervenor. A caveat is, however, in order: We reiterate that a formal motion for intervention should have been filed pursuant to Rule 24(c). Future litigants should not attempt to circumvent the clear requirements of the rule.

*Id.* at 784 (internal quotation marks and citation omitted).

■ We agree with the First and Fifth Circuits. Intervention, under RCFC 24, is a prerequisite to a nonparty *challenge* of a protective order, particularly where as here Spectrum is not the "person from whom discovery is sought." RCFC 26(c). That being the case, it follows that when a nonparty, who is not a "person from whom discovery is sought," seeks to participate in *support* of a protective order, it must also request and be granted Rule 24 intervenor status. At bar, Spectrum failed to seek Rule 24 status, nor has it been granted such intervenor status. Therefore, there is no basis upon which Spectrum can appear and be heard before this court solely on the *government's* motion for a protective order.

Like the court in *Public Citizen, supra,* we have searched our rules for some basis upon which Spectrum might properly appear before the court. However, our search has been in vain. Spectrum can take no comfort in Rule 26(c) as it is not a "person from whom discovery is sought." Moreover, Spectrum has not intervened under Rule 24 in this case. We can find no other provision of our rules that would permit Spectrum, a nonparty, to appear before the court and be heard on a *party's* motion.

■ In its memorandum in support of its request to be heard, Spectrum asks that the court stay all pending motions and allow it to brief "the applicability of intervention" if the court deems that intervention is a prerequisite to being heard. Assuming that this constitutes a request to intervene under Rule 24, such a request must be denied. Rule 24 requires that an application for intervention must be "timely." RCFC 24(a) & (b). Spectrum's eleventh hour request, two business days before the scheduled oral argument, can hardly be considered timely.

Spectrum has known of its interest in this case at least since October 1995, when it filed its response to the government's motion for a protective order, if not earlier. Thus, Spectrum has delayed, at a minimum, six months before *arguably* making an application for intervention. The application of Spectrum is therefore untimely.

■ In evaluating timeliness, the court examines three factors: (1) the length of delay in making the application for intervention; (2) the prejudice to the existing parties from intervention versus the prejudice to the would-be intervenor if intervention is denied; and (3) any other unusual circumstances militating in favor or against intervention. *See Belton Indus. Inc. v. United States,* 6 F.3d 756, 762 (Fed.Cir.1993) (analyzing timeliness under Court of International Trade Rule 24 which also requires "timely application"); *Public Citizen, supra* (analyzing the same factors under FRCP 24 which is virtually identical to RCFC 24). As noted, Spectrum's delay has been considerable. Second, as is discussed more fully below, Spectrum has not shown that it will be prejudiced if it is not allowed to participate. Finally, we can discern no special circumstances either in favor of or against allowing intervention by Spectrum. Thus, the length of the delay and the absence of prejudice to Spectrum are dispositive. Any request for intervention is untimely.

Moreover, Spectrum has made absolutely *no showing* that its interests will be impaired or harmed in any way if it is not allowed to participate. Such a showing is required in order to intervene "of right." RCFC 24(a).[1]

---

1. Permissive intervention, RCFC 24(b), is inap-

plicable because Spectrum does not press before

Indeed, Spectrum has stated that it joins in the defendant's motion for a protective order, and that the government's proposed order would adequately protect its interest in its confidential information. Accordingly, the court has no reason whatsoever to believe that defendant cannot adequately defend and protect Spectrum's interests. *See* RCFC 24(a). Thus, intervention by Spectrum in the instant matter is doubly inappropriate.

In sum, Spectrum has cited no basis in rule or law, and we can find none, that would allow a nonparty, who is not a "person from whom discovery is sought," to participate at oral argument on *defendant's* motion for a protective order, in the absence of Rule 24 intervention. Spectrum has not filed a motion for protective order; indeed, they could not have done so. Moreover, at this late date, Spectrum may not intervene, especially since it has failed to show that defendant cannot adequately protect its interests. We note, however, that the clerk has filed Spectrum's "Response ... To Government's Motion For Protective Order" and "Memorandum Of Points And Authorities In Support [Thereof]," which is now part of the record, plaintiff having waived any objection to its filing. In essence, then, Spectrum has been permitted, *sub silentio*, to file a brief as *amicus curiae.* Accordingly, Spectrum Astro, Inc.'s "Emergency Motion Requesting To Be Heard On Defendant's Motion For A Protective Order" must be and is, hereby, DENIED.

IT IS SO ORDERED.

---

the court any "claim or defense" having "a question of law or fact in common" with the main action.